## S. CLARK LEWIS, PLAINTIFF, v. WHITE'S BANK OF BUFFALO, DEFENDANT.

*Forgery — one who has inspected an indorsement alleged to have been made by him and recognized it as genuine, cannot recover back money paid upon it, if it proves to be a forgery.*

MOTION by the plaintiff for a new trial on exceptions, ordered to be heard in the first instance at the General Term after a verdict in favor of the defendant directed at the circuit.

This is an action to recover back money paid by the plaintiff to the defendant under an alleged mistake of facts. On the 6th of May, 1879, the plaintiff made and delivered to one Hunt for the accommodation of the latter his promissory note for $1,000, payable to Hunt's order at defendant's bank in Buffalo two months from date, with interest. At some time prior to June 1, 1879, another note precisely like the genuine note above described, but with the plaintiff's name as maker forged thereto, was presented to and discounted by the defendant. About the first of June, Hunt absconded and his subsequent whereabouts have been unknown. On June 11, 1879, the plaintiff having heard that Hunt had absconded and that he had committed some forgeries went with his counsel to the

defendant's bank and asked if they had any of his paper there. He was shown the $1,000 note which the bank had discounted, and also a note for about $1,500 purporting to be signed by plaintiff and payable to Hunt's order. He pronounced the $1,500 note a forgery, but the testimony is conflicting as to what he said about the $1,000 note. The testimony on the part of the defendant is that he stated it was genuine, while that on the part of the plaintiff tends to show that he expressed strong doubts as to its genuineness. However that may be, it appears that on the 7th of July, 1879, the plaintiff, at Lockport, mailed a letter to the defendant containing a draft for the amount of the $1,000 note which was about to mature on the ninth of July. The letter was signed by the plaintiff, *per* his attorney, addressed to the defendant and was as follows: "Inclosed find draft on New York, indorsed to your order for $1,012.25, with which I desire to take up note made by me to order of M. N. Hunt, dated May 6, 1879, at two months, payable at your bank for $1,000 and interest. Please return the note to me at this place." Before the receipt of that letter the genuine note for $1,000 had been forwarded to the defendant by a bank in Batavia for collection. On the receipt of the draft the defendant applied it to the payment of the $1,000 note, of which it was the owner, and on the same day mailed said note to the plaintiff and protested the note belonging to the Batavia Bank. The plaintiff subsequently paid the latter note and on the 16th of July, 1879, he presented the forged note to the defendant and demanded back the money he had paid upon it, which was refused. Upon these facts the judge at the circuit directed a verdict in favor of the defendant, holding that as the plaintiff had seen and inspected the note owned by the defendant's bank before paying it he could not recover back the amount paid.

The court at General Term said: "We are of the opinion that the case was correctly disposed of. Notwithstanding the general rule that money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund, it is well settled that where the alleged mistake consists in the recognition as genuine of a forged signature, either of the party paying or of his correspondent, whose signature

he was held bound to know, an action to recover back the money paid will not lie. (*Price* v. *Neal*, 3 Burr., 1355; *National Park Bank of N. Y.* v. *Ninth National Bank of N. Y.*, 46 N. Y., 77.) In the present case the plaintiff deliberately inspected his signature to the note before paying, and whatsoever doubts he may have expressed as to its genuineness at the time of inspection, his subsequent payment was such a recognition of the genuineness of the signature as prevents a recovery. It is no answer to say that when the bank received the draft it had the genuine note in its possession, and that the direction in the letter containing the draft was to apply it on the note *made by the defendant*. Neither at the time when the plaintiff inspected the note at defendant's bank, nor when he wrote the letter inclosing the draft, did he know that there was another note, $1,000, outstanding, bearing his name; and no other construction can be put upon his letter than that it referred to the note which he had inspected at the bank. It was equivalent to saying to the defendant that whatever doubts he may have entertained previously regarding the note shown to him, he was then satisfied that it was genuine."

*A. K. Potter*, for the plaintiff.

*Geo. Wadsworth*, for the defendant.

Opinion by SMITH, P. J.; HARDIN, J., concurred; HAIGHT, J., not acting.

New trial denied, and judgment ordered for defendant on the verdict.